COMMONWEALTH *vs.* RICARDO OLIVERA. No. 98-P-1179. November 16, 1999. *Practice, Criminal,* Instructions to jury, Lesser included offense. *Robbery.*

Ricardo Olivera, the defendant, was convicted by a jury in Superior Court of armed robbery (G. L. c. 265, § 17), assault and battery by means of a dangerous weapon (G. L. c. 265, § 15A), and simple assault and battery (G. L. c. 265, § 13A). Under the armed robbery indictment, which charged the defendant with having stolen a motor vehicle and jewelry, the jury found that the defendant had stolen a motor vehicle but not jewelry. On appeal, the defendant contends for the first time that the trial judge erred in not instructing the jury on use of an automobile without authority as a lesser included offense of armed robbery of the motor vehicle. We affirm.

1. *Facts.* After playing cards at the home of acquaintances, the Preterottis, into the early morning hours of February 24, 1996, Paul Dominique got into his 1978 El Camino[1] with the defendant and Gary Berthiaume, two fellow card players. The men needed a ride home, and since Dominique's route would take him in the direction in which they were going, he had agreed to drive them. Once in the vehicle, however, the defendant and Berthiaume told Dominique they wanted to be taken to another location. This Dominique declined to do. He turned off the vehicle's ignition, left the car, and began to walk toward the Preterottis' house. The defendant and Berthiaume followed, berating Dominique about the ride he was denying them. Repeatedly refused

---

[1]The Chevrolet El Camino is a hybrid vehicle. The two-door front part resembles a passenger automobile; the rear part resembles a pick-up truck with an open cargo bed.

transportation, the defendant punched Dominique in the face. The fight escalated and ended when the defendant beat Dominique unconscious with a shovel. Upon regaining ' consciousness, Dominique discovered that the defendant and Berthiaume were gone, as were his keys, the El Camino, and a gold necklace on which a crucifix and a diamond ring were appended. Dominique staggered into the Preterottis' home, where someone called 911. The police found the El Camino six hours later, a block from Berthiaume's house, on a dirt road (at that point) in a wooded area. Where the El Camino was found was a considerable distance from the location at which the defendant and Berthiaume had driven off with it. When discovered, the vehicle had been lightly trashed; the driver's seat was muddy; muddy footprints adorned the dash and windshield; the radio had been kicked in; and the glove box was open. Although the assailants had ripped the necklace off Dominique's neck, the ring and cross were found at the scene of the fight, and Dominique recovered them.

2. *Instruction on the lesser included offense of use without authority.* "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, specifying the matter to which he objects and the grounds of his objection." Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979). Although the defendant did not ask for any lesser included offense instruction to the armed robbery count — nor did the government — he claims, nonetheless, that the judge's failure, sua sponte, to instruct the jury on the lesser included offense of use of a motor vehicle without authority was error, and that a new trial should be granted to avoid a substantial risk of a miscarriage of justice.

Generally, a trial judge should instruct on a lesser included offense when (1) as matter of law, the offense is a lesser included offense of the crime charged; and (2) "the evidence provides a rational basis for acquitting the defendant of the crime charged and convicting him of the lesser included offense." *Commonwealth* v. *Souza*, 428 Mass. 478, 493-494 (1998) (internal quotations omitted). "[I]f the evidence is sufficiently in dispute at the trial so that a jury may rationally find the defendant not guilty of the greater and guilty of the lesser offense, a judge should give a lesser included offense instruction." *Commonwealth* v. *Drewnowski*, 44 Mass. App. Ct. 687, 692 (1998). See *Commonwealth* v. *Woodward*, 427 Mass. 659, 665 (1998).

All the crimes with which the defendant was charged had a component of violence. It requires some effort to imagine how the armed robbery could drop down to the nonviolent crime of using a motor vehicle without authority (G. L. c. 90, § 24[2][*a*]), yet that is a theoretical possibility. Remove the weapon — in this case the shovel — and the offense may be robbery, i.e., taking the property of another through the application of violence or intimidation. *Commonwealth* v. *Jones*, 362 Mass. 83, 86 (1972). Remove violence or intimidation, and the offense becomes larceny. *Ibid.* See *Commonwealth* v. *Johnson*, 379 Mass. 177, 181 (1979) ("Larceny is the unlawful taking and carrying away of the personal property of another with the specific intent to deprive the person of the property permanently"). Remove the intent to deprive the owner permanently of the motor vehicle, and the offense could be unauthorized use of a motor vehicle or, as it is often called, joy riding. See *Commonwealth* v. *Hogg*, 365 Mass. 290, 295 (1974); *Commonwealth* v. *Souza*, 428 Mass. at 494.

The duty of a trial judge to charge a lesser included offense does not arise just because a lesser offense is possible in theory. An instruction on a lesser included offense, as we remarked above, is in order when the evidence may rationally be viewed as proving the lesser offense. It is not in order when the lesser included offense is "inapposite to the condition of the case," *Commonwealth* v. *Lashway*, 36 Mass. App. Ct. 677, 683 (1994), and that is the situation here. That the defendant used armed force was not disputed at trial. His counsel, in argument, offered the explanation that, as Dominique had introduced the shovel into the fight, the defendant had acted in self-defense or in aid of his companion Berthiaume. Brutal armed force, nevertheless, was the means used to deprive Dominique of his El Camino. The defendant has not appealed his conviction of assault and battery by means of a dangerous weapon. That element of violence takes unauthorized use of a motor vehicle out of the picture.

It is also not contested that the defendant and his companion then drove off with the El Camino a considerable distance from the place where they took it. They abandoned the vehicle, trashed, in a relatively secluded location. Joy riding assumes returning the stolen vehicle to its owner or "abandon[ing] it at a place where it might be recovered." *Commonwealth* v. *Hogg*, 365 Mass. at 295. The evidence tended powerfully to prove that the defendant lacked any concern as to whether Dominique recovered his El Camino. "One who takes property without the authority of the owner and so uses or disposes of it as to show indifference whether the owner recovers possession may be found to intend to deprive the owner of it permanently." *Commonwealth* v. *Salerno*, 356 Mass. 642, 648 (1970). *Commonwealth* v. *Padgett*, 44 Mass. App. Ct. 359, 364 (1998).

There was no error in not instructing the jury on the lesser included offense of unauthorized use of a motor vehicle, and it follows that the omission of such an instruction created no substantial risk of a miscarriage of justice.

*Judgments affirmed.*

*Edward B. Fogarty* for the defendant.

*William M. Bennett*, District Attorney, *Jane Davidson Montori* & *Karen Bell*, Assistant District Attorneys, for the Commonweath, submitted a brief.