## COMMONWEALTH vs. ANDREW POWER-KOCH.

No. 06-P-1101.

Middlesex. May 8, 2007. - August 16, 2007.

Present: DOERFER, MILLS, & GRAHAM, JJ.

*Homicide. Firearms. Practice, Criminal,* Instructions to jury. *Evidence,* Accident. *Wanton or Reckless Conduct. Necessity.*

At the trial of an indictment charging the defendant with manslaughter, the judge erred in denying the defendant's request for an accident instruction, where the evidence, viewed in the light most favorable to the defendant, could have permitted the jury to conclude that his shooting of the victim was accidental [736-738]; given that error, this court did not consider the defendant's claim that the judge erred in denying a request to instruct on the distinction between wanton or reckless conduct and negligent conduct [738].

At the trial of an indictment charging the defendant with carrying a firearm without a license, the judge did not err in denying the defendant's request for an instruction on necessity as a defense, where the evidence did not show that no legal means existed that would have abated the danger. [739-740]

INDICTMENTS found and returned in the Superior Court Department on December 30, 2002.

The cases were tried before *Charles M. Grabau*, J.

*Stephen B. Hrones* for the defendant.

*Stephen C. Hoctor*, Assistant District Attorney, for the Commonwealth.

MILLS, J. A jury convicted the defendant of involuntary manslaughter, G. L. c. 265, § 13, and carrying a firearm without a license, G. L. c. 269, § 10(*a*). On appeal, he raises three claims, all relating to alleged errors in the judge's refusal to provide jury instructions regarding (a) the defense of accident as to the manslaughter indictment; (b) the distinction between wanton and reckless conduct on the one hand, and simple or gross negligence on the other, as to the manslaughter charge; and (c) the defense

736        69 Mass. App. Ct. 735 (2007)

Commonwealth *v.* Power-Koch.

of necessity as to the firearm offense. We affirm in part and reverse in part.

*Factual and procedural background.* We briefly discuss some of the facts and procedural history, reserving additional factual recitation for our subsequent analysis. On June 18, 2002, the defendant shot and killed Sean Howard (victim). An audio recording of Cambridge police officers' interviews of the defendant on the night of the shooting, along with transcripts of the interviews, were admitted as evidence, and portions of the audio recording were played for the jury. In those interviews, the defendant stated that he and the victim were best friends, and that the victim had been depressed for some time and had asked the defendant to shoot him. He further stated, inter alia, that on the day of the shooting: "I had the gun in my hand and . . . I put the safety up and feeling the trigger, to feel what it would be like to actually do it. But I just couldn't do it. And then by accident I shot my friend in the chest." He claimed that the victim had cocked the gun prior to giving it to him, and that he then pointed it at the victim. A witness for the Commonwealth testified that the pressure required to discharge the trigger of the firearm used in the shooting was slightly greater than that required for an average weapon of that type.

At the charge conference, defense counsel requested instructions on accident as to the manslaughter offense, and necessity as to the firearm offense. When those instructions were not given, defense counsel objected. Counsel also objected to the judge's failure to distinguish wanton or reckless conduct from negligent or grossly negligent conduct when instructing on manslaughter. The jury found the defendant guilty of involuntary manslaughter and carrying a firearm without a license.

*Discussion.* On appeal, the defendant claims that the judge erred in failing to give the three requested instructions.

a. *Failure to provide an accident instruction.* The defendant argues that the evidence was sufficient to require the requested accident instruction. The Commonwealth responds that the accident instruction was properly denied "because there was no evidence to support such an instruction." We agree with the defendant.

Involuntary manslaughter includes an unintentional killing

occurring while the defendant is engaged in wanton or reckless conduct that creates a high degree of likelihood that substantial harm will result to another. See, e.g., *Commonwealth* v. *Sneed*, 413 Mass. 387, 394 (1992); *Commonwealth* v. *DeMarco*, 444 Mass. 678, 684 (2005). As deployed by the defendant here, the term "accident" describes "an unintentional event occurring through inadvertence, mistake, or negligence." *Commonwealth* v. *Figueroa*, 56 Mass. App. Ct. 641, 650 (2002). "Because proof of involuntary manslaughter requires proof of wanton or reckless conduct, . . . and because wanton or reckless conduct displays far greater indifference to likely harmful consequences than negligence or even gross negligence, . . . the concept of accident in this sense is a defense to a charge of involuntary manslaughter." *Ibid.*

"Where the evidence fairly raises the possibility of accident, the defendant is entitled, if he requests, to have the judge instruct the jury that the Commonwealth has the burden of proving beyond a reasonable doubt that the death was not accidental." *Commonwealth* v. *Jewett*, 442 Mass. 356, 370 (2004). See *Commonwealth* v. *Palmariello*, 392 Mass. 126, 145 (1984) ("We have held in cases involving shootings claimed by the defendants to have been accidental, that, when the issue of accident is fairly raised, the judge, at least on request, is obliged to charge the jury that the Commonwealth has the burden to prove beyond a reasonable doubt that the shooting was not accidental"); *Commonwealth* v. *Podkowka*, 445 Mass. 692, 699 (2006). In such an instance, provision of an accident instruction clarifies the precise contours of the Commonwealth's burden of proving involuntary manslaughter because "proof of . . . [wanton or reckless conduct] depend[s] on proof of the absence of accident." *Commonwealth* v. *Depradine*, 42 Mass. App. Ct. 401, 405 (1997), quoting from *Commonwealth* v. *Zezima*, 387 Mass. 748, 756 (1982).

When analyzing whether the judge should have given an accident instruction, the evidence must be "[v]iewed in the light most favorable to the defendant." *Commonwealth* v. *Figueroa*, *supra* at 651. Viewed in this way, the tape recorded interviews of the defendant on the night of the shooting were replete with statements by him that, when considered together, could permit

a jury to conclude that his shooting of the victim was accidental. For example, the defendant stated numerous times that the victim was his "best friend," that he was "sorry," that he did not want to kill the victim, and that he was "just trying to be there for him." Additionally, the defendant stated that although the victim said that he wanted the defendant to shoot him, the defendant "wanted him to live."

Moreover, in these interviews, the defendant asserted his lack of familiarity with handguns, said he did not know whether the gun was fully loaded, and stated that he had never fired it before. He further said that he "put the safety up . . . to feel what it would be like to actually do it. But I just couldn't do it. And then by accident I shot my friend in the chest." The defendant also stated: "I didn't mean to pull the trigger. . . . I wasn't like, hey, I wasn't shooting him. I didn't want to shoot him. I wasn't shooting." The defendant claimed that after the shooting he pleaded with his friend to "stay with me" and tried "to go get him some help."

Considering the evidence in the light most favorable to the defendant, we are of the view that it was error to deny the defendant's request for an instruction on accident.

b. *Denial of request for instruction distinguishing wanton or reckless conduct and negligent conduct.* The defendant also argues that the judge erred in failing to provide the requested instruction on the distinction between wanton or reckless conduct and negligent conduct. Given our ruling on the accident instruction, we need not reach this additional claim of error.

The Commonwealth, at its option, is entitled to proceed to retrial on the involuntary manslaughter indictment. In that event, we do not presume to know precisely what the evidence on retrial would be, and thus it is premature to consider this issue now based on the possibility of retrial. That said, we note that jury instructions must be based upon the specific facts of the particular case being tried, see *Commonwealth* v. *Cavallaro*, 25 Mass. App. Ct. 605, 610-611 (1988), and that our courts have at times found it prudent to instruct on the difference between conduct producing culpability for involuntary manslaughter and conduct constituting only negligence. See, e.g., *Commonwealth* v. *Depradine, supra* at 405.

c. *Denial of request for an instruction on the defense of necessity.* Finally, the defendant asserts that the judge erred in refusing to instruct on necessity as a defense to the firearm charge. For purposes of this analysis we assume, without deciding, that the defendant introduced evidence demonstrating the immediacy of the danger of the victim's suicide. The defense of necessity applies when "(1) the defendant is faced with a clear and imminent danger, not one which is debatable or speculative; (2) the defendant can reasonably expect that his action will be effective as the direct cause of abating the danger; (3) there is [no] legal alternative which will be effective in abating the danger; and (4) the Legislature has not acted to preclude the defense by a clear and deliberate choice regarding the values at issue." *Commonwealth* v. *Pike,* 428 Mass. 393, 400 (1998), quoting from *Commonwealth* v. *Hood,* 389 Mass. 581, 591 (1983). It is well settled that the imminent danger may be faced by a third person rather than the defendant. See, e.g., *Commonwealth* v. *O'Kane,* 53 Mass. App. Ct. 466, 470 (2001); *Commonwealth* v. *Ben B.,* 59 Mass. App. Ct. 919, 920 (2003).

Entitlement to an instruction on necessity exists only if the evidence, viewed "in the light most favorable to the defendant," *Commonwealth* v. *Ben B., supra* at 920, allows "a reasonable doubt whether [the defendant's actions were] justified as a choice between evils." *Commonwealth* v. *Schuchardt,* 408 Mass. 347, 349 (1990), quoting from *Commonwealth* v. *Brugmann,* 13 Mass. App. Ct. 373, 379 (1982). Therefore, the defendant must produce some evidence establishing each element of the defense. *Commonwealth* v. *O'Kane, supra* at 470.

Here, the evidence did not show that no legal means existed for avoiding the danger. In order to avail himself of the defense, the defendant must establish that the danger was imminent, and that he "acted out of necessity at all times that he or she engaged in the unlawful conduct." *Commonwealth* v. *Leno,* 415 Mass. 835, 839-840 (1993). Unauthorized possession of a firearm may in certain circumstances warrant application of the necessity defense. See *Commonwealth* v. *Iglesia,* 403 Mass. 132, 134 (1988). However, the defense is inapplicable in circumstances such as those present here, where the defendant remains with the volatile individual (in this case the victim) and

essentially plays with or explores the firearm, rather than "flee-[ing with the weapon] to a place of safe-keeping." *Ibid.*

*Conclusion.* The judgment on the indictment on the charge of involuntary manslaughter is reversed, and the verdict is set aside. The judgment on the indictment on the charge of carrying a firearm without a license is affirmed.

*So ordered.*