## Commonwealth *vs.* Kasandra Doyle.

No. 07-P-1077.

Middlesex. September 8, 2008. - December 8, 2008.

Present: Rapoza, C.J., Smith, & Sikora, JJ.

*Motor Vehicle,* Homicide. *Homicide. Evidence,* Relevancy and materiality. *Practice, Criminal,* Instructions to jury, Lesser included offense.

At the trial of indictments charging homicide by operating a motor vehicle recklessly or negligently, the judge did not commit reversible error in admitting in evidence testimony concerning the locations and conditions of the victims' bodies, which had been thrown from the vehicle at the time of the accident, where the testimony was relevant as evidence of the reckless conduct of the defendant in operating the vehicle at the moment she lost control of it, and as evidence of a link between the defendant's operation of the vehicle and the cause of the deaths, an essential element in the charges against the defendant; where the judge took steps in voir dire and in his final instructions to the jury to avoid undue prejudice to the defendant; and where the jurors acquitted the defendant of the more serious charges of involuntary manslaughter, which tended to confirm that the jurors did not allow their verdicts to be based on sympathy. [307-308]

At the trial of indictments charging homicide by operating a motor vehicle recklessly or negligently, the judge did not commit reversible error in failing to instruct the jury on the affirmative defense of accident, as requested by the defendant at trial, where the instruction requested by the defendant was not a correct recitation of the law, and where, in any event, there was no basis in the evidence that required such an instruction. [308-309]

At the trial of indictments charging homicide by operating a motor vehicle recklessly or negligently, the judge did not err in declining to instruct the jury on the crime of operating a motor vehicle so as to endanger as a lesser included offense, where the evidence was overwhelming that the defendant's reckless or negligent conduct in operating the vehicle caused the deaths of the three victims. [309-310]

Indictments found and returned in the Superior Court Department on August 19, 2003.

The cases were tried before *Jeffrey A. Locke,* J.

*James E. Methe* for the defendant.

*Robert J. Bender,* Assistant District Attorney, for the Commonwealth.

Smith, J. As a result of a tragic event that occurred on March 15, 2003, the defendant, Kasandra Doyle, was the subject of an indictment charging her with three counts of involuntary manslaughter (G. L. c. 265, § 13), and three counts of motor vehicle homicide by operating a motor vehicle recklessly or negligently (G. L. c. 90, § 24G[b]). After a jury trial, the defendant was acquitted of the involuntary manslaughter charges but convicted of the three counts of motor vehicle homicide.

On appeal, the defendant claims that the judge abused his discretion in permitting multiple witnesses to testify about the condition of the victims at the scene of the accident. The defendant also contends that the judge erred in failing to instruct the jury as she requested on the defense of accident and in not instructing the jury that they could consider operating to endanger as a lesser included offense of motor vehicle homicide. We affirm.

*Facts.* The jury could have found the following facts. On March 15, 2003, the defendant lived with her son, Tyler, age approximately nine months, in a multifamily residence in Worcester. Also living at the residence were Dennis Griffin and his three daughters, Nicole, age eight, Lilly, age six, and Jeannie, age two. In addition, Catherine Scalesse lived at the residence with her daughter, Kayla, age thirteen. Scalesse had three other children, and two of them, Brendan, age six, and Brittany, age eleven, were visiting her at the time.

On the morning of March 15, the defendant and Scalesse planned to travel to Lowell with some of the children to visit Tyler's father. They had arranged to use Scalesse's former husband's Isuzu Rodeo, a sport utility vehicle (SUV), which the defendant would drive, as she was more familiar than Scalesse with the Lowell area.

The SUV had two bucket seats in front, a bench seat in the second row, and a cargo area in the rear. Scalesse sat in the front passenger seat. Tyler sat in the second row with Kayla and Brendan. Tyler was buckled into his car seat, and Kayla and Brendan wore seat belts. Brittany, Nicole, and Lilly were seated in the cargo area. The defendant knew that there were no seat belts in the cargo area and that the three children were not secured.

The defendant drove along Route 290, then headed north on Route 495 toward Lowell. Route 495 is a divided six-lane highway, running generally north and south. It is divided by a median strip. The posted speed limit is sixty-five miles per hour. At about 10:10 A.M., the defendant was operating the SUV at an estimated rate of speed of eighty-five to ninety miles per hour.[1] As the defendant approached exit 32 on Route 495, she changed lanes, going from the right, slow lane to the middle lane, and then into the left, fast or passing lane. While driving in the fast lane, the defendant came up behind a vehicle that was being operated at a slower speed than the SUV. In an attempt to pass the slower vehicle, the SUV darted into the middle lane. The SUV started to tip over and the defendant lost control of the vehicle. The SUV hit the median strip, rolled over, and came to rest in an upright position. The three children seated in the cargo area were thrown from the vehicle and died. The other passengers, including the defendant, received serious injuries.

A State police accident reconstructive team found no evidence of tire or brake failure or steering deficiency. The team concluded from its observations that the defendant was traveling at a speed of ninety-three miles per hour at the time she lost control of the vehicle.

The defendant testified in her own defense. She testified that as she was driving on Route 495, she was going with the flow of the traffic at about seventy miles per hour. She came up behind a vehicle, braked, and turned the SUV to the right. At that point she felt the SUV go "into the air," she overcompensated, and the next thing she recalled was waking up in an ambulance.

The defense also presented an expert in accident reconstruction. She testified that an SUV was more unstable than an automobile because the central mass (engine, operator, and passenger compartments) was much higher than an automobile, and in addition, an SUV's track width was narrow compared to an automobile. The expert opined that at the time of the accident, the

---

[1] The estimate of the SUV's speed was given by four witnesses whose vehicles were passed by the SUV just prior to the accident.

speed of the SUV was in the range of seventy-two to seventy-eight miles per hour.

We now turn to a discussion of the issues raised by the defendant on appeal.

1. *Evidence of locations and conditions of the three victims.* At the start of the trial, the judge noted that a stipulation as to the cause of the victims' deaths had not been filed, and therefore the cause of the deaths was a live issue before the jury.

Over multiple objections of the defendant, including a request for a mistrial, the judge allowed first responders to the scene (three fire fighters, a State trooper, and a bystander) to testify as to the locations of the victims' bodies and their condition.[2] On appeal, the defendant claims that the judge committed reversible error because the evidence was not relevant and was unduly prejudicial.

"The weighing of the prejudicial effect and probative value of evidence is within the sound discretion of the trial judge, the exercise of which we will not overturn unless we find palpable error." *Commonwealth* v. *Bonds*, 445 Mass. 821, 831 (2006). Relevant evidence is evidence that has a "rational tendency to prove an issue in the case." *Commonwealth* v. *LaCorte*, 373 Mass. 700, 702 (1977).

The Commonwealth here was required to show, among other things, wanton and reckless conduct by the defendant on the involuntary manslaughter charges, see *Commonwealth* v. *Walker*, 442 Mass. 185, 191 (2004), and reckless or negligent conduct on the motor vehicle homicide charges, see *Commonwealth* v. *Angelo Todesca Corp.*, 446 Mass. 128, 137 (2006). The witnesses' testimony as to the locations and conditions of the victims immediately after the crash was relevant because it was evidence of the reckless conduct of the defendant in operating the SUV at the moment she lost control of the vehicle. The evidence was also relevant because it furnished a link between the defendant's operation and the cause of the deaths, an essential element in all of the charges against the defendant.

The defendant argues that even if the testimony of the loca-

[2]Scalesse also testified as to her observations of the condition of the victims after the crash.

tions of the bodies and their injuries was relevant, the evidence was unduly prejudicial.[3] Before allowing even relevant testimony in evidence, "[t]he judge must also find that the probative value of the evidence in question 'is [not] outweighed by a risk of undue prejudice to the defendant.' " *Commonwealth* v. *Iguabita*, 69 Mass. App. Ct. 295, 300 (2007), quoting from *Commonwealth* v. *Barrett*, 418 Mass. 788, 794 (1994).

The record demonstrates that the trial judge took steps to avoid undue prejudice to the defendant. He conducted an extensive voir dire of the prospective jurors on the question of sympathy and reminded the jurors in his final instructions not to be swayed by sympathy or prejudice. We also note that the jurors acquitted the defendant of the more serious counts of involuntary manslaughter. Those acquittals tend to confirm that the jurors did not allow their verdicts to be based on sympathy. See *Commonwealth* v. *Iguabita*, 69 Mass. App. Ct. at 301.

2. *Refusal to charge the jury on the defense of accident.* The defendant claims that the trial judge committed reversible error in failing to instruct the jury on the affirmative defense of accident as she requested at trial.

"Accident, like provocation, self-defense, and defense of others, is treated as if it is an affirmative defense, which, when it negates an essential element of a crime . . . must be disproved by the Commonwealth beyond a reasonable doubt." *Commonwealth* v. *Podkowka*, 445 Mass. 692, 699 (2006). Therefore, "[w]hen the issue of accident is 'fairly raised,' the judge, at least on request, must instruct the jury that the Commonwealth must disprove accident beyond a reasonable doubt." *Ibid.*

The defendant's request that the judge instruct the jury on the affirmative defense of accident included the following language:

"Evidence has been introduced in this case which you

---

[3]The defendant also argues that the witnesses' testimony was not necessary because the parties entered into a stipulation that stated the victims died as a result of multiple traumatic injuries.

We reject the defendant's argument because we note that the stipulation was filed after the testimony of the fire fighters, State trooper, and Scalesse. The only person who testified after the stipulation was the bystander, and his testimony was cumulative of the other witnesses' testimony.

may consider in determining whether the defendant intentionally committed an act that was a criminal offense, or, whether what occurred was a pure and simple accident."

The judge did not commit error in refusing to give the requested instruction because it was not a correct recitation of the law.

"The elements necessary to find criminal culpability for vehicular homicide . . . are: '(1) operation of a motor vehicle, (2) upon a public way, (3) recklessly or negligently so as to endanger human life or safety, (4) thereby causing the death of a person." *Commonwealth* v. *Angelo Todesca Corp.*, 446 Mass. at 137, quoting from *Commonwealth* v. *Burke*, 6 Mass. App. Ct. 697, 699 (1978). There is no requirement in the trial of a motor vehicle homicide indictment that the Commonwealth prove that the defendant intentionally caused the deaths of the victims. Because the defendant's intent is not an essential element of the crime of motor vehicle homicide, the defense of accident is not available. See *Commonwealth* v. *Figueroa*, 56 Mass. App. Ct. 641, 648 (2002) (accident is only exculpatory if the crime requires proof that the consequences were intended).

Even if we examine the evidence in the light most favorable to the defendant, as we must, see *Commonwealth* v. *Power-Koch*, 69 Mass. App. Ct. 735, 737 (2007), there was no basis in the evidence that required such an instruction. The conduct of the defendant in operating the SUV at the excessive speed, knowing that children in the cargo area were not secured, did not provide a rational basis for the instruction to be given.

3. *The refusal to instruct on a lesser included offense.* The defendant claims that the judge committed error in refusing to instruct the jury on the crime of operating a motor vehicle so as to endanger, G. L. c. 90, § 24(2)(*a*), as a lesser included offense of the crime of motor vehicle homicide.

A judge must instruct the jury on a lesser included offense where, as matter of law, the offense is a lesser included offense of the crime charged and "the evidence provides a rational basis for acquitting the defendant of the crime charged and convicting him of the lesser included offense." *Commonwealth* v. *Souza*, 428 Mass. 478, 493-494 (1998), quoting from *Commonwealth* v. *Donovan*, 422 Mass. 349, 352 (1996). See *Com-*

*monwealth* v. *Olivera*, 48 Mass. App. Ct. 907, 908 (1999). Operating a motor vehicle so as to endanger contains three elements identical to motor vehicle homicide; the latter contains an additional element that requires the proof that the operation caused death.

A lesser included offense instruction "is not in order when the lesser included offense is 'inapposite to the condition of the case.' " *Id.* at 909, quoting from *Commonwealth* v. *Lashway*, 36 Mass. App. Ct. 677, 683 (1994). No rational view of the evidence could have allowed the jury to conclude that the defendant operated the SUV recklessly or negligently, but did not cause the death of the three victims. The evidence was overwhelming that the defendant's reckless or negligent conduct in operating the SUV caused the deaths of the three victims.

*Judgments affirmed.*