After a jury trial, the defendant appeals[2] from his convictions of operating a motor vehicle while under the influence of intoxicating liquor, second offense, and negligent operation of a motor vehicle. He contends that the judge erred in refusing his request to instruct the jury on the defenses of necessity and accident. See Commonwealth v. Magadini, 474 Mass. 593, 597 (2016) (necessity defense); Commonwealth v. Power-Koch, 69 Mass. App. Ct. 735, 737 (2007) (accident defense). An instruction on either defense would have been required had the evidence, viewed in the light most favorable to the defense and with all reasonable inferences drawn in its favor, supported that defense. See Magadini, 474 Mass. at 600 ; Power-Koch, 69 Mass. App. Ct. at 737. We conclude that the evidence here, so viewed, did not support either defense, and we therefore affirm.
The defendant argues that the defenses were supported by evidence[3] that the defendant's pick-up truck had a mechanical problem that caused it to jump out of "park" and into gear. We assume arguendo, although there was no direct evidence on the point, that the jury could permissibly have found that the truck did jump into gear at about the time in question. The defendant's wife had parked the truck in a store parking lot to do an errand, leaving its keys on the driver's seat with the defendant, who was sitting in the passenger seat, so he could listen to the radio if he wished. A witness then heard tires squealing and saw the truck quickly travel in reverse through the parking lot, cross through traffic on a street, and crash into a bank on the other side of the street. The defendant was in the truck. When the defendant's wife returned from her errand, she saw that the truck was not where she had left it, but instead was across the street.
The defendant argues that the truck's having slipped into reverse gear constituted an "accident," that "necessity" justified his putting his foot on the brake pedal in an attempt to stop the truck from causing injury or property damage, and that a further "accident" resulted in him putting his foot on the accelerator, rather than the brake pedal, causing the tires to squeal and the truck to travel in reverse across the road and hit the bank.
What this scenario ignores is that under any permissible view of the evidence, the truck's tires could not have squealed and it could not have traveled across the road unless its engine had been started,[4] and, even taking the view most favorable to the defendant, he was the only one who could have started it. His having done so constituted "operation." See Commonwealth v. Uski, 263 Mass. 22, 24 (1928) ("A person operates a motor vehicle within the meaning of G. L. c. 90, § 24, when, in the vehicle, he intentionally does any act or makes use of any mechanical or electrical agency which alone or in sequence will set in motion the motive power of that vehicle"); Commonwealth v. Eckert, 431 Mass. 591, 599 (2000) (operation "is not limited to driving a vehicle or setting it in motion, but encompasses also the intentional act of starting the vehicle's engine"); Commonwealth v. McGillivary, 78 Mass. App. Ct. 644, 645-647 (2011).
Once the defendant started the engine, that element of the offense was complete. "It has long been recognized that 'a vehicle may be operated when standing still.' " Commonwealth v. Sudderth, 37 Mass. App. Ct. 317, 320 (1994), quoting from Commonwealth v. Clarke, 254 Mass. 566, 568 (1926). The defendant does not argue that "necessity" justified his starting the engine in order to avoid some greater harm.[5] Cf. Magadini, 474 Mass. at 597, quoting from Commonwealth v. Kendall, 451 Mass. 10, 13 (2008) (necessity defense "exonerates one who commits a crime under the 'pressure of circumstances' if the harm that would have resulted from compliance with the law ... exceeds the harm actually resulting from the defendant's violation of the law"). Nor does he argue that his having started the engine was itself an "accident," i.e., "an unintentional event occurring through inadvertence, mistake, or negligence."[6] Power-Koch, 69 Mass. App. Ct. at 737, quoting from Commonwealth v. Figueroa, 56 Mass. App. Ct. 641, 650 (2002). Accordingly, the defendant was not entitled to jury instructions on necessity or accident.
Judgments affirmed.

The defendant commendably brings to our attention, by way of a motion to deem his notice of appeal timely filed, what he perceives may be a possible defect in our appellate jurisdiction. The defendant filed a motion for a required finding of not guilty or, alternatively, a new trial under Mass.R.Crim.P. 30, as appearing in 435 Mass. 1501 (2001), within thirty days after the jury's guilty verdicts. He filed his notice of appeal within thirty days of the denial of the motion for a new trial. The notice of appeal was thus timely under Mass.R.A.P. 4(b), as amended, 431 Mass. 1601 (2000), and accordingly we need take no action on the defendant's motion before us.

We omit, as immaterial to the issue on appeal, the evidence relating to the defendant's intoxication and the other elements of the offenses with which he was charged.

There was no evidence suggesting that the defendant's wife had parked the truck on an incline, from which it could spontaneously start rolling. For that matter, there was no evidence suggesting that the truck had a tendency to jump into reverse even when the engine was not running.

He does assert it to be "common knowledge that to unlock the steering wheel and activate the brakes, the key must be inserted into the ignition and turned." Even assuming this to be true, the defendant fails to explain how it would have been necessary to use the steering wheel or brakes unless the engine had first been started.

He does not argue that he put the key in the ignition in order to listen to the radio but accidentally turned the key too far and thereby started the engine.