NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-667

COMMONWEALTH

vs.

SEAN M. MCGUINNESS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Sean M. McGuinness, appeals from his conviction of indecent assault and battery on a child, G. L. c. 265, § 13B, after a jury trial in District Court.[1]  Concluding that the prosecutor's closing argument was proper, we affirm.

1.  Standard of review.  "A prosecutor may not 'misstate the evidence or refer to facts not in evidence,' and may not play 'on the jury's sympathy or emotions.'"  Commonwealth v. Rivera, 482 Mass. 259, 269 (2019), quoting Commonwealth v. Carriere, 470 Mass. 1, 19 (2014).  "[A] prosecutor may argue zealously in support of inferences favorable to the

_____

[1] The jury acquitted the defendant of two counts of indecent assault and battery on a child and one count of assault and battery, G. L. c. 265, § 13A (a).

Commonwealth's case that reasonably may be drawn from the evidence.'"  Commonwealth v. Grier, 490 Mass. 455, 472 (2022), quoting Carriere, supra at 22.  "Because the line separating speculation and inference is often a fine one, 'we must and do recognize that closing argument is identified as argument.'" Commonwealth v. Mattei, 90 Mass. App. Ct. 577, 582 (2016), quoting Commonwealth v. Bresilla, 470 Mass. 422, 437-438 (2015). We review the prosecutor's remarks "in the context of the entire argument, and in light of the judge's instruction to the jury, and the evidence at trial."  Commonwealth v. Sanders, 101 Mass. App. Ct. 503, 511 (2022), quoting Commonwealth v. Braley, 449 Mass. 316, 328-329 (2007).  "Because the defendant did not object to the prosecutor's closing statement at trial, we review [any error] for a substantial risk of a miscarriage of justice." Commonwealth v. Holguin, 101 Mass. App. Ct. 337, 341 (2022), quoting Commonwealth v. Proia, 92 Mass. App. Ct. 824, 835 (2018).

2.  Closing argument.  On cross-examination, the victim testified that, at the time when she first alleged that the defendant (her father) had sexually assaulted her, she had a poor relationship with him because he had frequently broken promises to her that he would be a better father.  The defendant referenced this testimony in his closing argument, identifying

2

the victim's anger at the defendant's broken promises as a potential motive for her allegations:

> "There's been a theme, if you remember through the testimony of [the victim], that at various points in time[] when she's talking to individuals about what supposedly happened, she comes back to the theory of the words, 'broken promise,' 'broken promise.' I'm going to ask you to keep that in the back of your mind as you deliberate."

In response, the prosecutor argued that the defendant had more importantly broken "[a] father's promise . . . to do no harm to the child." The prosecutor made seven statements alluding to such a promise near the beginning of her argument. The defendant did not object.

The prosecutor's remarks do not give rise to a substantial risk of a miscarriage of justice. In the first place, mere repetition of the truism that a father has a duty not to harm his child would not cause a reasonable jury to find that a defendant had breached that duty. See Commonwealth v. Cuffee, 492 Mass. 25, 34 (2023), quoting Commonwealth v. Wilson, 427 Mass. 336, 350 (1998) ("The jury are presumed to have a certain measure of sophistication in sorting out excessive claims on both sides"). Here, moreover, the defendant introduced the "broken promises" theme into the case by using it during his cross-examination of the victim and in his closing argument. "The prosecutor was entitled to offer a response to defense counsel's closing argument." Mattei, 90 Mass. App. Ct. at 583,

3

quoting Bresilla, 470 Mass. at 438.  See Commonwealth v. Aviles, 58 Mass. App. Ct. 459, 467-468 (2003) (prosecutor's comment, in response to defense strategy of portraying victim in negative light, that "what was bad, what was shameful, what was criminal, was [the defendant]'s conduct," although "questionable," was not prejudicial).  Furthermore, the "broken promises" rhetoric occurred only on the first page of six of the prosecutor's argument and was of relatively minor importance to the argument as a whole.  See Commonwealth v. Sleeper, 435 Mass. 581, 596 (2002) (no error where "lapses [in the prosecutor's closing argument] were inconsequential").

The judge's instructions that the jurors were "not to be swayed by prejudice or by sympathy" and that "closing arguments of the lawyers are not a substitute for the evidence" further minimized any possibility that the prosecutor's remarks would improperly prejudice the jury.  See Commonwealth v. Andrade, 468 Mass. 543, 549 (2014) ("The jury are presumed to follow the judge's instructions").  That the jury convicted the defendant of only one charge and acquitted him of the others suggests that the jury followed these instructions here.  See Commonwealth v. Doyle, 73 Mass. App. Ct. 304, 308 (2008) ("acquittals tend to confirm that the jurors did not allow their verdicts to be based

4

on sympathy").  Accordingly, the prosecutor's closing argument did not create a substantial risk of a miscarriage of justice.

Judgment affirmed.

By the Court (Sacks,
Ditkoff & Toone, JJ.[2]),

Clerk

Entered:  September 12, 2024.

---

[2] The panelists are listed in order of seniority.