NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-787

COMMONWEALTH

vs.

DOMINICK CANTERO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial, the defendant was convicted of negligent operation of a motor vehicle in violation of G. L. c. 90, § 24 (2) (a). On appeal, he claims that there was insufficient evidence to support his conviction, the judge improperly admitted evidence of the victim's injuries, the prosecutor's closing argument improperly appealed to sympathy, and that the judge improperly instructed himself on the law. We affirm.

1. Sufficiency of the evidence. The defendant claims there was insufficient evidence that he operated his car in a negligent or reckless manner such that the lives or safety of the public were endangered. We disagree.

"When analyzing whether the record evidence is sufficient to support a conviction, an appellate court is not required to 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Commonwealth v. Hartnett, 72 Mass. App. Ct. 467, 475 (2008), quoting Commonwealth v. Velasquez, 48 Mass. App. Ct. 147, 152 (1999). Nor are we obligated to "reread the record from a [defendant]'s perspective." Commonwealth v. Duncan, 71 Mass. App. Ct. 150, 152 (2008), quoting Palmariello v. Superintendent of M.C.I. Norfolk, 873 F.2d 491, 493 (1st Cir.), cert. denied, 493 U.S. 865 (1989). Rather, the relevant "question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979).

When evaluating sufficiency, the evidence must be reviewed with specific reference to the substantive elements of the offense. See Jackson, 443 U.S. at 324 n.16; Latimore, 378 Mass. at 677-678. To convict a defendant of negligent operation, "the Commonwealth must prove that the defendant (1) operated a motor vehicle, (2) on a public way, and (3) negligently, so that the lives or safety of the public might be endangered."

Commonwealth v. Teixeira, 95 Mass. App. Ct. 367, 369 (2019). The defendant challenges only the third element.

In the light most favorable to the Commonwealth, the fact finder was entitled to conclude that even though it was evening, the defendant was capable of seeing the illuminated victim in the ice-free roadway. The dashcam video depicts the victim crossing the road, dropping a bag, and bending over to retrieve it prior to being struck by the defendant's car. The video also shows the defendant's headlights illuminating the victim for at least one second prior to impact. Within one second after impact, the defendant is able to stop his car. The fact finder was also entitled to find that prior to impact, the defendant did not slow down his car or apply his brakes.

An eyewitness, who was driving on the same road but in the opposite direction as the defendant, was able to see the victim in the roadway from less than one hundred feet away. The witness slowed her car to a near stop when a car in front of hers slowed down due to the victim being in the roadway. From this evidence, the fact finder was reasonably entitled to infer that the defendant should have seen the victim in time to stop.[1]

---

[1] In his brief, the defendant claims that he could not see the victim at night because of the oncoming headlights. However, the defendant did not testify. Even if there was evidence of this, the argument ignores our standard of review. See Latimore, 378 Mass. at 677. In fact, were we "to indulge

3

See Commonwealth v. Casale, 381 Mass. 167, 173 (1980) (inferences drawn by fact finder "need only be reasonable and possible and need not be necessary or inescapable").

From all the evidence, the fact finder was entitled to find that the victim could be seen in the roadway, that the defendant had enough time to stop and avoid the collision, and due to his inattention, "the lives or safety of the public might [have been] endangered." Teixeira, 95 Mass. App. Ct. at 369. See Commonwealth v. Hardy, 482 Mass. 416, 424 (2019) (defendant's failure to brake before collision showed "inattentiveness to the road"); Commonwealth v. Reynolds, 67 Mass. App. Ct. 215, 219 (2006) (defendant struck pedestrian "without having taken any evasive action, such as applying her brakes"). Accordingly, the evidence was sufficient for the fact finder to conclude that the defendant negligently operated his car. See Teixeira, supra. Also, although the Commonwealth was required only to prove that the defendant's conduct might have endangered the safety of the public, here it actually did endanger the safety of the public

_____

this argument, we would have to view the evidence in the light least favorable to the Commonwealth, which, of course, we cannot do." Commonwealth v. Arias, 78 Mass. App. Ct. 429, 435 (2010). See Commonwealth v. Campbell, 394 Mass. 77, 83 (1985) ("Although the defendant mentioned that the high beam lights of an oncoming car somewhat obstructed his view, the jury could choose not to believe him").

4

when he struck the pedestrian.  See Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 923 (2004).

2.  The victim's injuries.  The defendant also claims that it was error to allow the victim, over objection, to testify to the nature and extent of his injuries sustained as a result of being struck by the defendant's car.  We disagree.

We review any error in the admission of this evidence "for prejudicial error resulting from an abuse of discretion." Commonwealth v. Gomez, 495 Mass. 688, 696 (2025).  "The weighing of the prejudicial effect and probative value of evidence is within the sound discretion of the trial judge, the exercise of which we will not overturn unless we find palpable error." Commonwealth v. Doyle, 73 Mass. App. Ct. 304, 307 (2008), quoting Commonwealth v. Bonds, 445 Mass. 821, 831 (2006).  The evidence of the victim's injuries here was properly admitted. See Commonwealth v. Cohen, 27 Mass. App. Ct. 1210, 1211 (1989) ("Whether a person suffers injuries as a result of an automobile accident, as well as the nature of the injuries, is relevant to the crucial question whether the manner of operation was so negligent as to endanger lives and safety of members of the public").  See also Doyle, supra ("testimony as to the locations and conditions of the victims immediately after the crash"

5

relevant to prove reckless or negligent conduct element of motor vehicle homicide charge).

Moreover, when the defendant objected, the judge stated that he was going to admit the evidence "on a limited basis." Because this was a jury-waived trial, we presume that the judge properly considered the evidence as it related to the manner of operation and not as an improper appeal to his sympathy or emotions. See Commonwealth v. McGrath, 497 Mass. 369, 375 (2026).

3. Closing argument. The defendant further claims that the prosecutor improperly appealed to sympathy in her closing argument by referencing the victim's injuries and his hospital care. However, this claim misstates the record. The challenged remarks were not made in the prosecutor's closing, but rather, they were made in response to the judge's query as to the Commonwealth's sentencing recommendation.

4. The judge's findings. Finally, the defendant claims the judge failed to properly instruct himself on the law, improperly considered inadmissible evidence, and based his verdict on sympathy. We disagree, as this argument too is based on a misstatement of the record.

The defendant claims the judge's verdict was swayed by sympathy for the victim when the judge stated that this case

6

could "just as easily be a civil motor vehicle infraction, quite frankly. In this particular case, given the injuries sustained by [the victim], I do take that into consideration." The defendant claims that the victim's injuries were not relevant and not probative of guilt, and he also argues that the above statements demonstrate that the judge did not instruct himself properly on the law.

The problem with the defendant's argument is that the judge did not make these statements when he explained his guilty verdict.[2] Rather, the judge made these observations just before he sentenced the defendant.[3] "[T]he transcript reflects that, in sentencing the defendant, the judge properly considered the nature and circumstances surrounding the commission of the crime . . . and the significant injuries the victim sustained." Commonwealth v. McGonagle, 478 Mass. 675, 678 n.3 (2018). There was no impropriety.

When the judge did explain his verdict, he found that speed was not a factor, discussed what he saw on the video, what he

---

[2] Better attention to the record would have avoided the misstatements made in the defendant's brief and obviated the need to review baseless claims.

[3] The judge did not think the defendant deserved jail time and instead placed him on probation, which included fifty hours of public service, a $250 head injury fee, and a $50 victim witness fee.

7

heard from the witnesses, and determined that the victim should have been visible to the defendant.  He further stated that at no point did the defendant slow down until the car struck the victim.  He noted the importance of that fact and the applicable negligence standard.  The judge said the defendant was inattentive that night, i.e., he never saw the victim, and he failed to brake in a timely fashion before hitting the victim.  These findings reflect a proper understanding of controlling precedent.  See Hardy, 482 Mass. at 424-425; Reynolds, 67 Mass. App. Ct. at 219.  At the very least, they do not rebut the presumption that the judge properly instructed himself on the law.  See Commonwealth v. Sepheus, 468 Mass. 160, 170 (2014).

Judgment affirmed.

By the Court (Meade, D'Angelo & Tan, JJ.[4]),

Clerk

Entered:  May 18, 2026.

_____

[4] The panelists are listed in order of seniority.

8