## COMMONWEALTH *vs*. THOMAS RAJOTTE.

Middlesex.   September 9, 1986. — November 5, 1986.

Present: GREANEY, C.J., CUTTER, & DREBEN, JJ.

*Robbery. Assault and Battery by Means of a Dangerous Weapon.*

At the trial of an indictment for armed robbery, a finding that the defendant was guilty as charged was warranted by evidence that the defendant broke into a restaurant and from a freezer in the kitchen took an envelope containing money and a check; that an employee of the restaurant discovered the defendant with the envelope in his hand; that, when the employee turned to use the telephone, the defendant picked up a knife and cut the cord; that the employee ducked into a hallway, followed by the defendant, who was still wielding the knife; and that in a struggle for the knife the employee's fingers were cut. [94-96]

At the trial of an indictment for assault and battery by means of a dangerous weapon, a finding that the defendant was guilty as charged was warranted by evidence that the defendant, while wielding a knife, chased the victim in a hallway of a restaurant; and that the victim's fingers were cut when he tried to grab the knife handle in an effort to defend himself. [96]

INDICTMENTS found and returned in the Superior Court Department on July 30, 1985.

The cases were heard by *James D. McDaniel, Jr.,* J.

*Maureen B. Brodoff,* Committee for Public Counsel Services, for the defendant.

*J. W. Carney, Jr.,* Assistant District Attorney, for the Commonwealth.

DREBEN, J. The defendant appeals from his convictions of armed robbery and assault and battery by means of a dangerous weapon.[1] He claims he was entitled to a required finding of

---

[1] He makes no argument concerning his conviction of breaking and entering with intent to commit a larceny and any appeal from that conviction is deemed waived. See Mass.R.A.P. 16(a) (4), as amended 367 Mass. 921 (1975).

not guilty on each charge: (1) on the armed robbery charge because the use of force by the defendant, when interrupted by the victim, occurred subsequent to the taking, and because the taking was not "from the person"; (2) on the assault and battery by means of a dangerous weapon charge, because there was no showing that the defendant intentionally used the knife on the victim. We affirm the convictions.

The Commonwealth presented the following evidence. The defendant broke into a restaurant and took an envelope containing money and a check from a freezer in the kitchen. An employee entered the restaurant at 1:30 A.M. and found the defendant, envelope in hand. Upset by the man's presence and his false claim that he worked in the restaurant, the employee turned to use the telephone. The defendant picked up a long knife, told the employee to get away, and cut the telephone cord. The employee ducked into the hallway and was followed by the defendant, who was still wielding the knife. In an effort to defend himself, the employee tried to grab the knife handle but was only able to grasp the blade. In the struggle his fingers were cut.

1. *Armed robbery.* Relying on *Commonwealth v. Novicki,* 324 Mass. 461 (1949), the defendant argues that the taking was not effected by force or threat of force and hence was only a larceny and not a robbery. The intimidation occurred, he claims, only after he was caught by the employee. *Novicki,* however, is to be distinguished. As explained in *Commonwealth v. Jones,* 362 Mass. 83, 90 (1972), in *Novicki,* "the alleged robber had left the victim's presence undetected and was in the process of leaving through a door before he was noticed." Moreover, the court in *Novicki,* 324 Mass. at 465, specifically pointed out that the "crime may be considered as continuing at least until the defendants left the store with the money."

A larceny may be converted into a robbery if, as here, an assault is committed on a person who, having some protective concern for the goods taken, see *Commonwealth v. Stewart,* 365 Mass. 99, 108 (1974), interferes with the completion of the theft. In *Commonwealth v. Assad,* 19 Mass. App. Ct.

1007, 1009 (1985), would-be thieves, after being interrupted in their task by a returning tenant, assaulted him. One of the culprits was charged under G. L. c. 265, § 18A, with assault with a dangerous weapon in a dwelling house with intent to rob. He sought to show that the assault (use of a spray) was to facilitate an escape from the victim's apartment, not to steal from the victim by putting him in fear. The court, however, held that the evidence supported an inference that the assault "was connected to the objective of stealing property" and that the entry into the apartment by the victim, who was placed in fear, "converted the larceny . . . to a robbery."

Although in *Assad* the defendant was convicted of an assault with intent to rob (see G. L. c. 265, § 18A), and here the crime is armed robbery (G. L. c. 265, § 17), we see no relevant distinction. See also *Commonwealth* v. *Boiselle,* 16 Mass. App. Ct. 393, 399 (1983), where a robber armed himself after taking the property but while still in the store. The court in *Boiselle* noted that the "potential for the injury does not depend on the precise moment at which the defendant becomes armed, as long as he becomes armed at a point directly related to the commission and completion of the robbery." *Id.* at 400. See also *Commonwealth* v. *Smith,* 21 Mass. App. Ct. 619, 624 (1986), indicating that a fact finder may look at such an episode "as a continuum and reject as a manufactured abstraction" the idea that the assault occurred after the taking was completed. Cf. *Commonwealth* v. *Jones,* 362 Mass. at 89-90.[2]

The defendant's claim that the taking was not "from the person" is also without merit. While the statute speaks of a taking from the victim's "person," the offense is understood "to include the common law conception of taking in a victim's 'presence' . . . and . . . cover[s] cases where the victim could

---

[2] We recognize that some, mainly older, cases define a taking more narrowly. See Perkins & Boyce, Criminal Law c. 4, § 2, at 349 (3d ed. 1982). See also LaFave & Scott, Criminal Law § 94, at 701 (1972). The Model Penal Code, § 222.1(1) (Official Draft 1980), defines "in the course of committing a theft" as including "in an attempt to commit theft or in flight after the attempt or commission." For a collection of cases, see 93 A.L.R.3d 643 (1979).

have prevented the taking, had he not been intimidated." *Commonwealth* v. *Stewart,* 365 Mass. at 108. See also *Commonwealth* v. *Homer,* 235 Mass. 526, 533 (1920); *Commonwealth* v. *Jones,* 362 Mass. at 87. As indicated in *Commonwealth* v. *Stewart, supra* at 108, the employee "had a duty of loyalty toward his employer and thus some protective concern for the money."

2. *Assault and battery by means of a dangerous weapon.* The victim testified that he tried to grab the knife handle "to defend [him]self," and was cut in the process. The defendant, having intentionally placed the employee in fear by pursuing him with a knife, cannot avoid the consequences of a battery by asserting his lack of intent to commit one. General Laws c. 265, § 15A, "does not require specific intent to injure; it requires only general intent to do the act causing injury . . . . The required intent is satisfied by proof of intent to commit the lesser crime of assault with a dangerous weapon." *Commonwealth* v. *Appleby,* 380 Mass. 296, 307-308 (1980).

*Judgments affirmed.*