NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-52                                          Appeals Court

COMMONWEALTH  vs.  JAIME CORTEZ.

No. 14-P-52.

Suffolk.     October 7, 2014. - December 30, 2014.

Present:  Cohen, Wolohojian, & Blake, JJ.

Practice, Criminal, Admission to sufficient facts to warrant
     finding, Continuance without a finding.

Complaint received and sworn to in the Chelsea Division of
the District Court Department on April 9, 2004.

A motion for a new trial, filed on June 10, 2013, was heard
by Timothy H. Gailey, J.

Adriana Contartese for the defendant.
Priscilla Guerrero (Amanda Teo, Assistant District
Attorney, with her) for the Commonwealth.

WOLOHOJIAN, J.  On December 1, 2004, the defendant tendered

a plea in which he admitted to sufficient facts to support a

charge of assault and battery by means of a dangerous weapon,

and received a continuance without a finding (CWOF).[1]
Approximately one month earlier, G. L. c. 278, § 29D, had been
amended to require that defendants be specifically advised by
the plea judge that an admission to sufficient facts may have
adverse immigration consequences if the defendant is not a
United States citizen.[2] Before that amendment, the statute
referred only to pleas of guilty or nolo contendere, and
required that the judge advise the defendant only that a
"conviction" might result in immigration consequences. See
G. L. c. 278, § 29D, as appearing in St. 1996, c. 450, § 254.

In 2013, the defendant moved to vacate the judgment[3] and, in
support of that motion, submitted an affidavit in which he

---

[1] The defendant was placed on probation, which he completed
without incident. It appears undisputed that the defendant has
no other criminal record.

[2] "The court shall not accept a plea of guilty, a plea of
nolo contendere, or an admission to sufficient facts from any
defendant in any criminal proceeding unless the court advises
such defendant of the following: 'If you are not a citizen of
the United States, you are hereby advised that the acceptance by
this court of your plea of guilty, plea of nolo contendere, or
admission to sufficient facts may have consequences of
deportation, exclusion from admission to the United States, or
denial of naturalization, pursuant to the laws of the United
States'" (emphasis supplied). G. L. c. 278, § 29D, as appearing
in St. 2004, c. 225, § 1.

[3] Although the defendant styled his motion as one to vacate
the judgment, it is more properly viewed as one to withdraw his
plea and for a new trial pursuant to Mass.R.Crim.P. 30, as
appearing in 435 Mass. 1501 (2001). See Commonwealth v. Huot,

attested that the plea judge did not inform him that an admission to sufficient facts and CWOF might result in the enumerated immigration consequences, but instead advised him only that a conviction might do so.[4]  Given the passage of time, there is no transcript of the plea.[5]  However, other contemporaneous evidence suggests that the new warning may not have been given.[6]  Specifically, the judge's signed certification on the "green sheet" states:

> "I further certify that the defendant was informed and advised that if he or she is not a citizen of the United States, <u>a conviction</u> of the offense with which he or she was charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States" (emphasis supplied).

---

380 Mass. 403, 406 (1980); <u>Commonwealth</u> v. <u>Sherman</u>, 451 Mass. 332, 334 (2008).  The judge properly treated it as such.

[4] The defendant also stated that his lawyer similarly failed to advise him that an admission to sufficient facts and CWOF could have adverse immigration consequences.  There is no affidavit from that lawyer, who had since died.

[5] Rule 211(A)(4) of the Special Rules of the District Courts provides that recordings of pleas (and other types of proceedings) may be destroyed after two and one-half years. This rule was necessitated by the difficulty of storing vast amounts of paper or tapes.  In our age of digital recordings, the continuing need for the rule is less apparent.

[6] This is not to suggest that the contemporaneous record indicates that <u>no</u> warning was given.  In fact, to the contrary, the docket sheet and the "green sheet" amply demonstrate that an alien warning was given by the judge.  It is only the language of that warning that is at issue in this appeal.

The defendant's contemporaneous signed acknowledgement of alien warning (also on the green sheet) is to the same effect:

> "I understand that if I am not a citizen of the United States, conviction of this offense may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States" (emphasis supplied).

The Commonwealth, which has the burden of providing an "affirmative record that the required advisement was given," presented no countervailing evidence in opposition to the motion to vacate. Commonwealth v. Mahadeo, 397 Mass. 314, 318 (1986). Nor did it put forward affirmative evidence to show the specific language of the immigration warning given by the judge was correct. Instead, at the hearing on the motion, the Commonwealth asked the motion judge (who had also been the plea judge) to draw upon his recollection of his customary practice at the time. The defendant pointed out that the green sheet signed by both the judge and the defendant tracked the pre-2004 language of § 29D. In response, the judge stated that, "regardless of what the green sheet said, this Court's practice for years before that [2004] statutory change was to include both convictions and continuations without a finding in the

language on my own accord because I was somewhat familiar

with the change in immigration policy."[7]

In his written decision denying the motion, the judge

found that it was his

> "practice, although not required by statute, at the
> time in question to use language in the immigration
> warning to state expressly that this disposition could
> result in the 3 enumerated adverse consequences, not
> relying solely on the statutory reference to a
> 'conviction.'"[8]

In essence, we are asked to decide whether the judge's

finding distinguishes this case from Commonwealth v.

Marques, 84 Mass. App. Ct. 203 (2013). We conclude that it

---

[7] In the continuing discussion of the tension between the judge's recollection and the signed green sheet, the following exchange took place, which did not help explain or eliminate the apparent discrepancy:

> Defense counsel: "So my question for the Court, respectively [sic], is if the Court did make that advisement regularly, why did the Court not include on the green sheet just a little parenthetical note for the record, to keep the record . . . ."

> The court: "Because Counsel we expect motions to be brought within a reasonable period of time while the tape of the proceeding is still available."

[8] Although the written memorandum could be read to indicate that the judge misapprehended the requirements of the statute as amended in 2004, and as applicable to this defendant, it is clear from the judge's comments at the motion hearing that he was well aware of the statutory change. In light of the judge's comments at the hearing, his memorandum must be understood to reference his practice to give the warning for dispositions such as the defendant's even before it was required by the 2004 amendment to the statute.

does.  In Marques, there was no transcript of the plea and
the contemporaneous green sheet indicated that the warning
did not comply with the statutorily mandated language.
There, the plea judge was not the motion judge, and the
Commonwealth did not present any information concerning the
plea judge's customary practice.  In those circumstances,
we concluded that the plea judge's contemporaneous
certification on the green sheet should be taken at face
value.  Id. at 206.

　　　Here, by contrast, the motion judge (who, as we have
noted, was also the plea judge) made a specific finding
that his customary practice was to give the correct
statutory warning, even though his certification on the
green sheet does not so indicate.  Compare Commonwealth v.
Podoprigora, 46 Mass. App. Ct. 928, 930 (1999) (motion
judge was also plea judge and recalled his standard
practice; docket sheet indicated that alien warnings had
been given).  Although it would have been helpful had the
judge explained or resolved the discrepancy, we can
reasonably infer that he found that the preprinted language
on the green sheet did not accurately reflect the actual
language he used during the plea colloquy.

> Order denying motion to
> withdraw guilty plea
> affirmed.