NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-405                                      Appeals Court

COMMONWEALTH  vs.  ALEKSANDR TOKAREV.

No. 14-P-405.

Hampden.      January 15, 2015. - August 10, 2015.

Present:  Fecteau, Wolohojian, & Massing, JJ.

Practice, Criminal, Plea, Assistance of counsel.

Complaint received and sworn to in the Springfield Division
of the District Court Department on September 6, 2006.

A motion to vacate conviction, filed on November 12, 2013,
was heard by Robert A. Gordon, J.

Cynthia Cullen Payne, Assistant District Attorney, for the
Commonwealth.
Daniel P. Morrissey for the defendant.

WOLOHOJIAN, J.  Federal immigration authorities have

informed the defendant that he is deportable based on his

admission seven years ago to sufficient facts to support a

charge of possession of a Class B substance.  In order to avoid

deportation, the defendant moved to vacate his plea on the

ground that his lawyer failed to advise him of the immigration

consequences of his plea.[1,2] During a nonevidentiary hearing on the defendant's motion, the judge (who had also been the plea judge) noticed that the defendant had not signed the portion of the "green sheet" that applies when the court rejects a defendant's proposed disposition.[3,4] In addition, neither the box next to the statement, "Defendant WITHDRAWS the tendered plea or admission," nor the box next to the statement, "Defendant ACCEPTS judge's disposition set forth above," had been checked. The judge brought the uncompleted portions of the green sheet to the parties' attention and solicited additional briefing. In response, the defendant filed an amended motion -- unaccompanied by affidavits[5] -- in which he argued that the plea

---

[1] The defendant's plea resulted in a continuance without a finding. But that disposition was revoked, and a conviction entered, after the defendant violated the terms of his probation.

[2] The motion was supported by two affidavits: one from the defendant and one from plea counsel.

[3] Not only was that portion of the green sheet not signed by the defendant or his counsel, the judge mistakenly signed on the line reserved for counsel.

[4] The Commonwealth had recommended that the defendant be placed on one year of probation and remain drug free; the defendant had proposed six months of probation.

[5] The failure to submit affidavits when a material fact is in dispute would have been itself sufficient basis upon which to deny the motion. See Mass.R.Crim.P. 30(c)(3), as appearing in 435 Mass. 1501 (2001) ("moving parties shall file and serve . . . affidavits where appropriate in support of their" motion [emphasis added]).

was constitutionally deficient because the green sheet did not reflect that he accepted the judge's disposition.[6]

In ruling on the amended motion, the judge found that he was "unable to state that the Defendant made a decision to accept or reject the exceeding of the Defendant's recommendation. In addition to the defects in the 'plea form' [green sheet], the Magistrate [on the docket sheet], failed to mark or 'check' the box under 'Disposition Method' to indicate: Guilty Plea or Admission to Sufficient Facts accepted after Colloquy and [G. L. c. 278 § 29D] warning." On these bases, the judge allowed the defendant's amended motion, without reaching the defendant's original claim that counsel had failed to advise him of the immigration consequences of his plea.

The transcript of the plea colloquy is no longer available,[7] and neither party attempted to reconstruct the record of the colloquy generally or in particular with respect to the question

---

[6] The Commonwealth filed nothing further, relying on the points and arguments made in its original opposition to the defendant's motion.

[7] Defense counsel represented to the judge below that he had attempted to obtain a copy of the transcript, but that the clerk's office had informed him that it had been destroyed as part of the court's customary two and one-half year document retention policy. "Rule 211(A)(4) of the Special Rules of the District Courts provides that recordings of pleas (and other types of proceedings) may be destroyed after two and one-half years. This rule was necessitated by the difficulty of storing vast amounts of paper or tapes. In our age of digital recordings, the continuing need for the rule is less apparent." Commonwealth v. Cortez, 86 Mass. App. Ct. 789, 790 n.5 (2014).

of the defendant's acceptance of the disposition.  Although not requested by either party to make a finding concerning his usual practice, the judge sua sponte stated he uniformly reviews the green sheet with every defendant who tenders a plea, and always asks whether the defendant has read and understood it.[8]  See Commonwealth v. Podoprigora, 46 Mass. App. Ct. 928, 930 (1999) (motion judge was plea judge and noted his own standard practice at time of plea); Commonwealth v. Diaz, 75 Mass. App. Ct. 347, 351 (2009) ("In the circumstances of a record depleted by the passage of time, the plea judge's statement of customary practice can be necessary and probative").

Where, as here, a defendant seeks to withdraw his plea pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), after waiting many years, and the record of the plea is unavailable through no fault of the Commonwealth, the defendant bears the burden of proof.  Commonwealth v. Grannum, 457 Mass. 128, 133 (2010).[9]  This requires the defendant to present

---

[8] The judge also stated that his uniform practice is to give the immigration warnings required by G. L. c. 278, § 29D, and the defendant does not challenge the immigration warnings given by the judge.

[9] The burden is different in cases where the motion to withdraw the plea is based on G. L. c. 278, § 29D, which requires that the judge deliver in exact language certain immigration warnings.  Grannum, 457 Mass. at 133-134.  But this is not such a case because the defendant does not challenge the judge's handling of the plea.  See note 8, supra.  Instead, the

"sufficient credible and reliable evidence to rebut a presumption that the prior conviction was valid." Commonwealth v. Lopez, 426 Mass. 657, 664-665 (1998).

The defendant did not meet that burden here as a matter of law. Even after the judge sua sponte pointed out the irregularities on the green sheet and requested additional submissions from the parties, the defendant came forward with no evidence to show that he had not accepted the judge's disposition. Tellingly, neither the defendant nor his attorney claim or argue that the defendant did not accept the disposition. It certainly would have been a simple matter for the defendant to submit an affidavit to that effect if such an assertion honestly could have been made. Moreover, the favorable disposition itself, and the fact that the defendant did not raise any objection to the validity of his plea or the terms of the disposition during subsequent probation revocation proceedings, are strong indications that the defendant accepted the disposition.

The fact that neither the defendant nor his lawyer signed the green sheet to show that he accepted the disposition is neither dispositive nor sufficient to overcome the presumption of regularity. As an initial matter, the signature (although

_____

defendant's original motion rested on his contention that his counsel's performance had fallen short.

desirable) was not required.  Although Mass.R.Crim.P. 12(c)(2)(B), as appearing in 442 Mass. 1511 (2004), requires that a District Court judge "inform the defendant that the court will not impose a disposition that exceeds the terms of the defendant's request without first giving the defendant the right to withdraw the plea," there is no rule requiring that the green sheet be signed to so note.  And, even if a signature were required, "[w]e will not assume that the defendant's plea was involuntary and unknowing and say as a matter of law that justice was not done simply because the record reflects noncompliance with rule 12."  Commonwealth v. Rodriguez, 52 Mass. App. Ct. 572, 580 (2001).  Moreover, as the judge himself correctly noted, not much can be reasonably inferred from the absence of a signature and check marks.[10]  Taken alone, as the judge found, the evidence was not enough to permit the judge to determine whether the defendant had rejected or accepted the disposition.  Evidentiary equipoise in which a judge cannot tell whether one thing or its opposite has occurred is not sufficient to overcome the presumption of regularity.

For these reasons, we vacate the order allowing the defendant's motion to withdraw his plea to the extent it was based on irregularities in the green sheet and docket sheet.

---

[10] The same is true, in these circumstances, with respect to the fact that the clerk-magistrate did not check one of the boxes on the docket sheet.

However, because the judge did not reach the defendant's ineffective assistance of counsel claim, the matter is remanded for that portion of the motion to be considered.

<u>So ordered</u>.