Having pleaded guilty to assault and battery, the defendant, Jeffrey L. Callan, appeals from the order denying his motion filed more than eighteen years later to vacate his plea and for a new trial. We affirm.
Background. On July 7, 1997, a criminal complaint issued charging the defendant with assault and battery and threatening to commit a crime arising out of a domestic disturbance. The defendant was found not indigent and he hired Attorney John T. Lu to represent him. A jury trial took place in January of 1980. The defendant was found not guilty of threatening to commit a crime. The jury deadlocked on the assault and battery count and a mistrial was declared. On March 17, 1998, while still represented by Lu, the defendant pleaded guilty to assault and battery. The defendant was sentenced to eighteen months in the house of correction, suspended.
In August of 2016, the defendant filed a motion to vacate his guilty plea and for a new trial. He claimed that his guilty plea was coerced; that it was not knowingly, voluntarily, or intelligently made; and that his trial and plea counsel was ineffective. The defendant supported his motion with his own affidavit. The motion was denied because the judge did "not credit Defendant's [affidavit]-no showing that Judge Flynn did not Advise [Defendant] of required [rights] nor that [Attorney] Lu did not Advise [Defendant] of Required [Rights] or was in any way ineffective." The defendant then filed a request for findings of fact and rulings of law, which was denied. This appeal followed.
Discussion. In support of his motion, the defendant, through his affidavit, alleged that he did not remember having counsel at the trial or at the plea hearing and therefore he could not have voluntarily and intelligently waived his rights. In the alternative, the defendant claims that he received ineffective assistance of counsel because he did not know the elements of the crime with which he was charged. Finally, he claims that his plea was coerced because the judge actively participated in the plea negotiations.
"A postsentence motion to withdraw a plea is treated as a motion for a new trial." Commonwealth v. Conaghan, 433 Mass. 105, 106 (2000). We review a judge's decision denying a motion for a new trial pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), "only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Sylvain, 473 Mass. 832, 835 (2016) (citation omitted). "Under the abuse of discretion standard, the issue is whether the judge's decision resulted from 'a clear error of judgment in weighing the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives.' " Commonwealth v. Kolenovic, 471 Mass. 664, 672 (2015), quoting from L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
Here, the defendant's claim that he did not have counsel is directly contradicted by the record. The defendant and Lu signed the so-called "green sheet"[2] filed in court at the time of the plea, which was also the date scheduled for the retrial. Lu also filed a motion to revise and revoke on behalf of the defendant in March, 1998. The motion judge was within his discretion to reject the defendant's affidavit on the question of representation by counsel. See Commonwealth v. Grant, 426 Mass. 667, 673 (1998).
When a motion for a new trial is based on a claim of ineffective assistance of counsel, we must determine first "whether there has been serious incompetency, inefficiency, or inattention of counsel." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). The defendant waited more than eighteen years to file the motion. Due to the age of the case, the transcripts of the first trial and the plea colloquy were destroyed pursuant to G. L. c. 221, § 27A. The absence of a record and the inability to effectively reconstruct it may be directly attributed to the defendant's delay and may be said to be the defendant's fault. See Commonwealth v. Tokarev, 87 Mass. App. Ct. 819, 820-821 (2015). Moreover, the defendant's affidavit does nothing to alter the presumption of regularity afforded to the Commonwealth. See Commonwealth v. Lopez, 426 Mass. 657, 662 (1998).
The defendant's alternative claim that his counsel was ineffective is also without merit. The defendant was acquitted of one charge and the jury deadlocked on the other. The motion judge's findings that the defendant has not shown that counsel was ineffective is supported by the record. See generally Saferian, supra.
The defendant contends that the motion judge should have conducted an evidentiary hearing.[3] The decision whether to hold an evidentiary hearing is within the discretion of the motion judge. Mass.R.Crim.P. 30(c)(3), as appearing in 435 Mass. 1501 (2001). As is the case here, an allegation that is unsupported by anything other than the defendant's self-serving affidavit does not presumptively raise a substantial issue warranting an evidentiary hearing. See Commonwealth v. Denis, 442 Mass. 617, 633 (2004).
Order denying motion for new trial affirmed.

The green sheet recites the defendant's constitutional rights. It also states that the defendant had been made aware of the consequences of his plea, including the nature and range of possible sentence, and that his decision was knowing and voluntary.

The defendant also claimed that the motion judge should have issued written findings, although he (the defendant) acknowledged that there is no requirement to do so. Indeed, the motion judge did write findings in the margin of the motion.