OVIEDO, COMMONWEALTH vs., 102 Mass. App. Ct. 78

 
 COMMONWEALTH vs. ANDRES OVIEDO.

102 Mass. App. Ct. 78
 November 9, 2022 - January 5, 2023

Court Below: Superior Court, Hampden County
Present: Meade, Sullivan, & D'Angelo, JJ.

 

No. 22-P-67.

Larceny.

At the trial of indictments charging the defendant with armed robbery and armed assault with intent to rob, the evidence was sufficient for a Superior Court judge to find the defendant guilty of the lesser included offense of larceny from a person, where it was not required that the stolen items be within the area of the store clerk victim's immediate control, only that the victim could have, if not prevented by fear or intimidation from the defendant, retained possession of the stolen merchandise; further, the fact that the victim had no duty to prevent the theft by leaving the counter area and risking his personal safety to protect the property was not relevant. [79-83]

Indictments found and returned in the Superior Court Department on July 23, 2019. 

 The cases were heard by David M. Hodge, J. 

 Jennifer J. Cox for the defendant.

 John A. Wendel, Assistant District Attorney, for the Commonwealth.

 MEADE, J. After a jury-waived trial on indictments charging the defendant with armed robbery and armed assault with intent to rob, the judge found the defendant guilty of the lesser included offenses of larceny from a person and assault by means of a dangerous weapon. On appeal, the defendant claims that there was insufficient evidence to support his conviction of larceny from a person. [Note 1] We affirm.

 1. Background. On a June morning in 2019, Maurice Wamira (victim) and Mohamed Fazek were working at City Zone, a convenience store on Main Street in Springfield. Fazek had just arrived at work; the victim was behind the counter. The defendant entered the store and requested to buy a loose cigarette despite 

 Page 79 

not having money to make the purchase. As the defendant lacked the necessary funds, the victim refused, which agitated the defendant. The defendant threatened to take the cigarette or other items from the store. He then briefly left the store, returned, again demanded cigarettes, and the victim again rebuffed him. As he left, the defendant took some food items. 

 Undaunted, the defendant returned to the store, demanded cigarettes, brandished a knife with an extended blade, and pointed it at the victim. The victim grew concerned for his safety, feared he would be stabbed because the defendant was "not in his right mind" due to intoxication, [Note 2] and had Fazek call the police. At this point, the victim was behind the plexiglass-enclosed counter, and he closed the door when the defendant pointed the knife at him. At the prompting of some customers, the defendant left the store. On his way out, he stole more food items. [Note 3]

 The victim testified that while working at the store, he had a responsibility to ensure that merchandise was purchased appropriately. The victim also testified that he had "control" over the store's inventory, but he was not required to leave the counter area and risk his personal safety to protect those items from theft. [Note 4]

 2. Discussion. The defendant claims that there was insufficient evidence to support his conviction of larceny from a person. We disagree. "When analyzing whether the record evidence is sufficient to support a conviction, an appellate court is not required to 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.' Commonwealth v. Hartnett, 72 Mass. App. Ct. 467, 475 (2008), quoting . . . Commonwealth v. Velasquez, 48 Mass. App. Ct. 147, 152 (1999). . . . Rather, the relevant 'question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting . . . Jackson v. Virginia, 443 U.S. 307, 319 (1979)." Commonwealth v. Rocheteau, 74 Mass. App. Ct. 17, 

 Page 80 

19 (2009). See Commonwealth v. Ormond O., 92 Mass. App. Ct. 233, 236 (2017).

 When evaluating sufficiency, the evidence must be reviewed with specific reference to the substantive elements of the offense. See Jackson, 443 U.S. at 324 n.16; Latimore, 378 Mass. at 677-678. The substantive elements of larceny from a person, in violation of G. L. c. 266, § 25 (b), are not set forth in the statute, so we resort to our common law. Under common law, to convict a defendant of larceny from the person, the Commonwealth must prove that: "(i) a defendant took property; (ii) the property was owned or possessed by another; (iii) the defendant took the property from the person of the possessor or from the possessor's area of control; and (iv) the defendant did so with the intent to deprive the possessor of the property permanently." Commonwealth v. Cartright, 478 Mass. 273, 283-284 (2017). See Commonwealth v. Subilosky, 352 Mass. 153, 166 (1967) ("[I]t is sufficient if the property be taken from the presence of the victim . . . [that is] within his area of control" [citation omitted]).

 Here, the defendant challenges only the third element, i.e., claiming that there was insufficient evidence that the defendant took the property from the person of the possessor or from the possessor's area of control. As a starting point, we note that larceny from a person is a lesser included offense of both armed and unarmed robbery. See Cartright, 478 Mass. at 285. See also Commonwealth v. DeanGanek, 461 Mass. 305, 306 n.2 (2012); Commonwealth v. Drewnowski, 44 Mass. App. Ct. 687, 693 (1998). The offense of larceny from a person includes all of the elements of robbery "except the element that the taking was accomplished by force or fear." Commonwealth v. Santo, 375 Mass. 299, 307 (1978). [Note 5] In that light, we interpret the requirement of being taken "from a person" for the offense of larceny under G. L. c. 266, § 25, as we would interpret it for the offenses of armed and unarmed robbery under G. L. c. 265, § 17. See Cartright, supra.

 In the circumstances of this case, it is undisputed that the stolen items were not on the victim's person or even within his reach. Accordingly, the Commonwealth was required to establish that the stolen merchandise was within the victim's area of control. The defendant insists that the items had to be within the area of 

 Page 81 

the victim's "immediate" control. More specifically, he contends that because the testimony and the surveillance video reveal that the victim was inside the plexiglass-enclosed counter behind a locked door, the stolen items were not within the victim's "immediate" control.

 In support of his use of the adjective "immediate" to describe a level of "control," the defendant relies on Commonwealth v. Willard, 53 Mass. App. Ct. 650, 655 (2002), where we held that property stolen from the living room of a home of a sleeping family was under "the protection of the building," rather than the persons therein, and therefore affirmed a burglary conviction based on an attempted larceny from a building, G. L. c. 266, § 30. However, as the Supreme Judicial Court noted in Cartright, 478 Mass. at 286, "Willard does not directly address whether the defendant's actions in that case violated G. L. c. 266, § 25, the statute prohibiting larceny from a person. It holds only that the defendant violated the statute prohibiting larceny from a building, G. L. c. 266, § 30, because the sleeping victims were 'relying on' the building 'to safeguard their possessions.'" Although the Willard court noted in a parenthetical reference quoting a treatise that "[p]roperty is under a person's protection if it is attached to him or his clothing or under his immediate guard," Willard, 53 Mass. App. Ct. at 655, we were not describing a qualifying limit to one's area of control, and this description was at best dicta. 

 In any event, the defendant's narrow view of what qualifies for a possessor's area of control is belied by our case law. Property is within a possessor's area of control if it is "so within his reach, inspection, observation or control, that he could, if not overcome by violence or prevented by fear, retain his possession of it." Commonwealth v. Homer, 235 Mass. 526, 533 (1920). In other words, property is within a victim's area of control "where the victim could have prevented the taking had he not been intimidated." Commonwealth v. Lashway, 36 Mass. App. Ct. 677, 679 (1994), quoting Commonwealth v. Rajotte, 23 Mass. App. Ct. 93, 95-96 (1986). Here, in the light most favorable to the Commonwealth, the stolen items were within the victim's observation or control, in that he could have, if not prevented by fear or intimidation from the knife-toting defendant, retained possession of them. Accordingly, the defendant's claim that the crime of larceny from a person requires a "high level of proximity to the taken goods," is also without merit.

 The defendant also claims that the stolen merchandise was not within the victim's area of control because he had no affirmative 

 Page 82 

duty to prevent theft from the store. This claim suffers from the same infirmity. Even though the victim testified that his level of "control" over the store's inventory did not require him to risk his personal safety to protect items from being stolen, that fact does not inform the sufficiency question before us. 

 Rather, for purposes of control, in this case we need only evaluate whether the victim would have been able to prevent the theft had he not been threatened with a knife by the defendant, without regard to any ancillary duty. See Commonwealth v. Jones, 362 Mass. 83, 87 (1972) ("where deprivation is accomplished by violence or intimidation, that which is taken in his presence is in law taken from his person" [quotation omitted]); Homer, 235 Mass. at 533 (stolen item within victim's area of control if it is "within his reach, inspection, observation or control, that he could, if not overcome by violence or prevented by fear, retain his possession of it"); Lashway, 36 Mass. App. Ct. at 679 ("the offense is understood to include the common law conception of taking in a victim's 'presence' . . . and . . . cover[s] cases where the victim could have prevented the taking had he not been intimidated" [quotation and citation omitted]). The fact that the victim had no duty to prevent the theft is simply not relevant.

 The cases relied upon by the defendant do not illustrate otherwise. In Subilosky, 352 Mass. at 166, the court held that the stolen money was within the bank manager's area of control because it was under his protection. But the court gave no indication that an active duty to prevent the theft was a necessary component of his protective role in order to define his area of control. In similar fashion, in Commonwealth v. Stewart, 365 Mass. 99, 108 (1974), which involved an armed robbery, the court noted that a store employee -- as opposed to the manager -- "had a duty of loyalty toward his employer and thus some protective concern for the money," making the employee properly named as the victim in the indictment. Id. But nowhere does the court hold that such a protective concern included a duty to resist the robbery. Finally, offered by the defendant, but cut from the same unhelpful cloth is Commonwealth v. Weiner, 255 Mass. 506 (1926). In that case, the court held that the victim had a duty to protect the merchandise, but like the others above, the court did not state that the duty was a necessary requirement to support the conclusion that the merchandise was within the employee's area of control. Id. at 509. The evidence properly supported the defendant's conviction of 

 Page 83 

larceny from a person.

Judgments affirmed.

FOOTNOTES
[Note 1] The defendant raises no claim relative to his conviction of assault by means of a dangerous weapon. 

[Note 2] The defendant was a frequent customer at the store and his actions that day were not his normal behavior. 

[Note 3] A store surveillance video was shown to the judge as the victim and Fazek explained how the video depicted the events of that morning. Both the victim and Fazek identified the defendant as the thief in a showup procedure. A Springfield police officer made an in-court identification of the defendant as the individual identified by the victim and Fazek in the showup. 

[Note 4] The defense rested without calling any witnesses. 

[Note 5] Of course, in the case of armed robbery, the Commonwealth must also establish possession of a weapon. See Cartright, 478 Mass. at 285 n.13. See also Commonwealth v. Olivera, 48 Mass. App. Ct. 907, 908 (1999). 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.