NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1050

COMMONWEALTH

<u>vs</u>.

JEFFREY SUAZO.

<u>MEMORANDUM AND ORDER PURSUANT TO RULE 23.0</u>

The defendant pleaded guilty in 2013 to trafficking a class B substance (cocaine), over fourteen grams, in violation of G. L. c. 94C, § 32E. In 2024 he filed a motion to withdraw his guilty plea, arguing that he received ineffective assistance of counsel with respect to the plea because his lawyer had failed to secure a Spanish language interpreter for him, and because his counsel had "threatened and intimidated" him, such that the defendant was compelled to plead guilty against his will. The defendant submitted no affidavit or other evidence in support of his motion, which a Superior Court judge denied without a hearing. We affirm.

Background.  In 2007 the defendant was indicted for trafficking in cocaine, twenty-eight grams or over, G. L. c. 94C, § 32E (b) (as then in effect).  He was convicted after a jury trial, in July of 2008, and sentenced to five years in State prison.

Apparently, Annie Dookhan was the confirmatory chemist with respect to the testing in the defendant's case.  In November of 2012 the defendant filed a motion for new trial based on Dookhan's involvement in his case.  In March of 2013, the motion for new trial was granted, apparently by agreement with the Commonwealth, and the defendant thereafter pleaded guilty to the lesser offense of trafficking cocaine over fourteen grams.  The defendant was sentenced to a term of four years and 254 days to four years and 255 days, deemed served, which meant that his sentence terminated on that date, approximately 110 days before his prior sentence would have ended.

Justice David Lowy, then sitting on the Superior Court, took the defendant's 2013 plea, and conducted the plea colloquy and resentencing.  The defendant was represented by counsel, and the defendant signed a waiver of rights form written both in English and Spanish.  Counsel also attested to and signed the waiver of rights form.

In August of 2024 the defendant filed the instant motion, seeking to withdraw his 2013 guilty plea.  As indicated, the

2

motion argued ineffective assistance of counsel in connection with the plea; the motion also referenced that Dookhan participated in the drug testing in his case. There was no accompanying evidentiary submission, nor did the defendant submit a transcript of the 2013 plea colloquy in connection with his motion. On appeal, however, the Commonwealth has obtained and filed the 2013 transcript, which is available, and which we have reviewed.[1] As indicated, the motion was denied without a hearing.

Discussion. "A motion to withdraw a guilty plea is treated as a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b)." Commonwealth v. Sylvester, 476 Mass. 1, 5 (2016), quoting Commonwealth v. Lavrinenko, 473 Mass. 42, 47 (2015). Here, the defendant has alleged the ineffective assistance of counsel. We analyze ineffective assistance claims under the two-prong Saferian test: first, whether counsel's representation fell "measurably below that which might be expected from an ordinary fallible lawyer," and second, whether any such inadequacy "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Kolenovic, 471 Mass. 664, 673 (2015), quoting

---

[1] The Commonwealth was granted leave to order the transcript of the plea colloquy. See Commonwealth v. Fayad F., 495 Mass. 266, 268 n.4 (2025) (appellate court may take judicial notice of court records including transcript of colloquy).

3

Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "The defendant bears the burden of proving the facts on which he relies in his motion for a new trial." Commonwealth v. Vaughn, 471 Mass. 398, 403 (2015). A judge may grant a motion for a new trial "only if it appears that justice may not have been done" (quotation and citation omitted). Commonwealth v. Furr, 454 Mass. 101, 106 (2009).

The defendant's submission does not meet the above standards. Most notably, although the defendant's ineffective assistance argument depends on assertions of fact regarding the conduct of counsel, the defendant's submission has no evidentiary support. It fails for that reason alone. See Commonwealth v. Tokarev, 87 Mass. App. Ct. 819, 820 n.5 (2015) (failure to submit affidavits, when material fact in dispute, is sufficient basis to deny rule 30 [b] motion).

Moreover, the transcript of the 2013 plea colloquy and the signed waiver of rights do not support, and in fact materially contradict, the defendant's assertions. For example, the defendant asserts that he was materially harmed by the lack of a Spanish language interpreter. In the plea colloquy, however, the defendant answered all the judge's questions in English, and affirmed to the judge several times that he "underst[ood]" what the judge was asking and the rights that he was giving up. The judge then asked whether he had "confused [the defendant] at all

4

with my questions," to which the defendant responded "No."
Indeed, after the prosecutor gave a lengthy summary, in English, of the Commonwealth's evidence, the defendant stated a correction, that "there was no gun found."

Similarly, the colloquy indicates that the defendant was fully and appropriately advised by counsel. The defendant affirmed that he was entering the plea "willingly [and] of [his] own free will and voluntarily." Once again, there is no indication to the contrary.

Finally, the defendant references, obliquely, the fact that Dookhan was involved in the drug analysis in his case. The defendant makes no developed argument in this regard, but in any event it is clear that the defendant was aware of Dookhan's involvement, and its significance, at the time of his 2013 plea. Dookhan's involvement was the basis for the agreed-on grant of a new trial in 2013. The plea judge in 2013 specifically confirmed with both the defendant and his counsel that they were

5

aware of and had discussed how the Dookhan facts could be used in any trial.  There was no error in the denial of the motion.

<u>Order denying motion to withdraw guilty plea affirmed</u>.

By the Court (Sacks, Englander & Walsh, JJ.[2]),

*[signature: Paul Little]*

Clerk

Entered:  July 11, 2025.

---

[2] The panelists are listed in order of seniority.