NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-886

COMMONWEALTH

vs.

ATIF H. RAY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Atif H. Ray, appeals from an order denying his motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001).  We affirm.

In 2008, the defendant was charged in the Boston Municipal Court with one count of larceny by stealing from the person of another, in violation of G. L. c. 266, § 25 (b).  In 2009, the defendant, represented by counsel, pleaded guilty to the offense.  In 2019, the defendant moved to expunge his criminal record pursuant to G. L. c. 276, § 100K.  A judge denied the motion.  The defendant filed his motion for a new trial in 2025. The defendant asked the court to (1) reconsider the 2019 order denying his motion to expunge, or, in the alternative,

(2) grant him a new trial or amend the 2009 conviction to reflect that it was for the misdemeanor offense of larceny under $250, G. L. c. 266, § 30. After a hearing, a second judge denied the motion.

Pursuant to rule 30 (b), a judge may grant a new trial "if it appears that justice may not have been done." "In reviewing the denial of a motion for new trial, we examine the motion judge's conclusions only to determine whether there has been a significant error of law or other abuses of discretion" (quotation and citation omitted). Commonwealth v. Ferreira, 481 Mass. 641, 648 (2019). See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). "Motions for a new trial are granted only in extraordinary circumstances." Commonwealth v. Comita, 441 Mass. 86, 93 (2004).

The judge did not err or otherwise abuse his discretion in denying the defendant's motion for a new trial. The defendant argued in his motion that his conviction under G. L. c. 266, § 25 (b) should be vacated because the value of the phone did not exceed $250. The judge correctly ruled that the value of the item stolen is irrelevant to liability under that statute.

> "To establish larceny from a person requires that the Commonwealth prove, beyond a reasonable doubt, that (i) a defendant took property; (ii) the property was owned or possessed by another; (iii) the defendant took the property from the person of the possessor or from the possessor's area of control; and (iv) the defendant did so with the

2

     intent to deprive the possessor of the property
     permanently."

Commonwealth v. Cartright, 478 Mass. 273, 283-284 (2017), citing

G. L. c. 266, § 25.  "Larceny from a person is a felony

regardless of the value of the items stolen."  Cartright, supra

at 284 n.11.  For the same reason, we reject the defendant's

argument that he was entitled to relief under rule 30 (b) "to

correct a misclassification from felony to misdemeanor."  Rule

30 (b) authorizes the granting of new trials, not the

retroactive amendment of convictions, but even if such relief

were available, it would not be justified here.

     The defendant now contends that he was only guilty of

larceny under G. L. c. 266, § 30, because "the victim

voluntarily handed the phone to the [defendant]; it was not

snatched or taken from his person or immediate control."

Because the defendant did not raise this issue in his motion or

supporting affidavit or at the hearing, the issue is waived.

See Mass. R. Crim. P. 30 (c) (2).  It is also without merit.

According to the Commonwealth's criminal complaint application

in 2008, the victim told police officers that the defendant

"just stole my phone."  Accordingly, there was probable cause to

believe that, for purposes of G. L. c. 266, § 25 (b), the phone

was within the victim's "reach, inspection, observation or

control" when the defendant, by his own admission, "ran away

3

with" it.  Commonwealth v. Oviedo, 102 Mass. App. Ct. 78, 81 (2023), quoting Commonwealth v. Homer, 235 Mass. 526, 533 (1920).  See G. L. c. 266, § 25 (b).  The defendant then pleaded guilty to that offense.

The defendant claims that his plea was not knowing and intelligent because he "believed he was resolving the case as a misdemeanor or [a continuance without a finding], not a felony." He did not, however, present any evidence in support of this claim beyond his own affidavit, including either a transcript of his plea colloquy or an affidavit from plea counsel.  See Mass. R. Crim. P. 30 (c) (3) ("moving parties shall file and serve . . . affidavits where appropriate in support of their . . . positions"); Commonwealth v. Tokarev, 87 Mass. App. Ct. 819, 820 n.5 (2015) ("failure to submit affidavits when a material fact is in dispute" justifies denial of rule 30 [b] motion).  Given the considerable passage of time since the defendant's plea, the defendant had "the burden of producing a credible reason to reverse the final decision . . . that outweigh[ed] the risk of prejudice to the Commonwealth," and the judge was "not required to accept the defendant's self-serving affidavit as sufficient to satisfy his burden."  Commonwealth v. Wheeler, 52 Mass. App. Ct. 631, 637 (2001).  The defendant's failure to present "sufficient credible and reliable evidence" in support of his

4

challenge to his guilty plea warranted the denial of relief. See Commonwealth v. Lopez, 426 Mass. 657, 664-665 (1998).

Lastly, to the extent the judge appeared to rule on the defendant's request to reconsider the denial of his 2019 motion to expunge the conviction, we agree that such relief was properly denied. We review the denial of a motion to expunge for an abuse of discretion. See Commonwealth v. K.W., 490 Mass. 619, 624 (2022). Pursuant to G. L. c. 276, § 100K, a judge has discretion to expunge a criminal record if two conditions are met. "First, the judge must make findings based on clear and convincing evidence that the relevant criminal record was created because of one or more of the reasons listed" in § 100K (a).[1] Matter of Expungement, 489 Mass. 67, 68 (2022).

---

[1] These reasons include the following:

"(1) false identification of the petitioner or the unauthorized use or theft of the petitioner's identity;

"(2) an offense at the time of the creation of the record which at the time of expungement is no longer a crime, except in cases where the elements of the original criminal offense continue to be a crime under a different designation.

"(3) demonstrable errors by law enforcement;

"(4) demonstrable errors by civilian or expert witnesses;

"(5) demonstrable errors by court employees; or

"(6) demonstrable fraud perpetrated upon the court."

"Second -- and only after making such findings -- a judge may consider whether expungement would be 'in the best interests of justice.'" Id., quoting G. L. c. 276, § 100K (b). Here, the defendant failed to support his motion to expunge with evidence sufficient to meet the "very high bar" required for expungement. See K.W., supra at 625. The defendant noted in his motion that in 2018, the Legislature amended the misdemeanor larceny statute, G. L. c. 266, § 30, to increase the threshold for value of property stolen from $250 to $1,200. See St. 2018, c. 69, § 136. As discussed, however, that amendment is irrelevant here because the defendant was convicted of larceny by stealing from the person of another, G. L. c. 266, § 25 (b).

Order denying motion for a new trial affirmed.

By the Court (Walsh, Toone, & Tan, JJ.[2]),

Paul Little

Clerk

Entered:  February 9, 2026.

---

G. L. c. 276, § 100K (a).

[2] The panelists are listed in order of seniority.